JUDGE SWEET

Patrick J. Feeley
Jonathan Montcalm
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
(212) 415-9200

*Attorneys for Defendant PHL Variable Insurance Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 13 CIV 7154



---------------------------------------------------x

MOUNIA ZERRHOUNI,                          :

              Plaintiff,            :          Case No. _____

v.                                                          :

PHL VARIABLE INSURANCE COMPANY    :
and PHL VARIABLE LIFE INSURANCE          :
COMPANY,                                            :

           Defendants.          :          **NOTICE OF REMOVAL**

                                :

---------------------------------------------------x

PLEASE TAKE NOTICE that PHL Variable Insurance Company ("PHL"), pursuant to

28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of this case from the

Supreme Court of the State of New York, County of New York, in which court this case is

pending, as Index No. 653204/2013, to the United States District Court for the Southern District

of New York, being the district embracing the place the case is pending.  In support of this

Notice of Removal, PHL states the following:

## I.    TIMELINESS OF REMOVAL

1.    On or about September 16, 2013, plaintiff Mounia Zerrhouni ("Plaintiff"), filed a

civil action against PHL in the Supreme Court of the State of New York, County of New York,

1

entitled *Zerrhouni v. PHL Variable Ins. Co., et al.*, Index No. 653204/2013. A true and correct

copy of the Summons and Verified Complaint (collectively, the "Complaint") is attached hereto

as Exhibit 1.

    2.    The Complaint also names as a defendant PHL Variable <u>Life</u> Insurance Company

("Variable Life"). Variable Life does not exist and therefore is not a valid defendant in this

action. On information and belief, the naming of Variable Life is incorrect and is merely a

misnomer for PHL.

    3.    Because Variable Life does not exist, it cannot consent to or join in the removal of

the state court action. *See* 28 U.S.C. § 1446(b)(2)(A).

    4.    On September 18, 2013, Plaintiff attempted to serve the Complaint upon a person

associated with PHL. PHL expressly reserves all rights to challenge the manner of service of the

Complaint before this Court.

    5.    To date, no other process, pleadings or orders in the action being removed have

been served upon PHL.

    6.    This Notice of Removal is filed within thirty (30) days after PHL received the

Complaint, and is, therefore, timely under 28 U.S.C. § 1446(b).

**II.    DIVERSITY JURISDICTION**

    7.    This is a civil action of which this Court has original jurisdiction under 28 U.S.C.

§ 1332(a), and is one which may be removed by PHL to this Court pursuant to 28 U.S.C. § 1441

because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

and costs, and there is complete diversity of citizenship between the plaintiff and PHL.

    8.    PHL is a corporation incorporated in the state of Connecticut with its principal

place of business in Connecticut.

9.     Plaintiff is a natural person who resides in Morocco.  (*See* Ex. 1, Summons; *see also* Exhibit A to the Complaint.)  On information and belief, Plaintiff is not lawfully admitted for permanent residence in the United States, nor is she domiciled in New York State.

10.     Complete diversity of citizenship exists between Plaintiff and PHL.

**III.     AMOUNT IN CONTROVERSY**

11.     The claims asserted in the Complaint arise out of an insurance policy (No. 40048215) issued on the life of Plaintiff's allegedly-deceased husband, Ebrahim Alrwazek (the "Policy").  Plaintiff alleges that she is the beneficiary of the Policy, and that she is thus entitled to receive the proceeds from the Policy due to the death of Mr. Alrwazek.  (Complaint, ¶¶ 12, 14.)

12.     The Policy for which Plaintiff seeks the proceeds has a face amount of one million dollars ($1,000,000.00).

13.     Thus, the amount placed in controversy by the Complaint's damages demand exceeds the $75,000 jurisdictional threshold required by 28 U.S.C. § 1332(a)(1), exclusive of interest. *See* 28 U.S.C. § 1446(c)(2).

**IV.     VENUE**

14.     The United States District Court for the Southern District of New York is the appropriate court for filing this Notice of Removal because the case was pending in the Supreme Court of the State of New York, County of New York, which is located within this federal judicial district and division. *See* 28 U.S.C. § 112(c).

**V.     CONCLUSION**

15.     This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because Plaintiff's claims present a controversy between parties of diverse citizenship and the

amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this case is removable under 28 U.S.C. § 1441(a).

16.    A copy of all process and pleadings received by PHL (*i.e.*, the Complaint) is attached hereto as Exhibit 1. *See* 28 U.S.C. § 1446(a).  Attached hereto as Exhibit 2 are the additional documents that have been filed in the state-court action.

17.    PHL reserves the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony,  discovery responses, supplemental memoranda, and legal argument.

18.    Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Plaintiff through her counsel of record and a copy of this Notice of Removal has been filed with the Supreme Court of the State of New York, County of New York.  *See* 28 U.S.C.  § 1446(d).

WHEREFORE, PHL hereby gives notice of the removal to this Court of the civil action pending in the Supreme Court of the State of New York, County of New York, under the caption *Zerrhouni v. PHL Variable Ins. Co., et al.*, Index No. 653204/2013.

Dated: New York, New York
October 9, 2013

Respectfully submitted,

**DORSEY & WHITNEY LLP**

By: _____
Patrick J. Feeley
Jonathan Montcalm
51 West 52nd Street
New York, NY 10019-6119
(212) 415-9200
feeley.pat@dorsey.com
montcalm.jonathan@dorsey.com

*Attorneys for Defendant*
*PHL Variable Insurance Company*

**Exhibit 1**

FILED: NEW YORK COUNTY CLERK 09/16/2013
NYSCEF DOC. NO. 1

INDEX NO. 653204/2013
RECEIVED NYSCEF: 09/16/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MOUNIA ZERRHOUNI,

                    Plaintiff,

-against-

PHL VARIABLE INSURANCE COMPANY and
PHL VARIABLE LIFE INSURANCE COMPANY,

                    Defendants.

Index No.
Date Purchased
Plaintiff(s) designate(s)
NEW YORK
County as the place of trial.

The basis of venue is
Defendants' address

*SUMMONS*
Plaintiff(s)' address:

Rue 10 N 16
Oujah Arousse
50000 Meknes Morocco

To the above named Defendant(s):

    *You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney(s) within **twenty** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

### NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

    **PLEASE TAKE NOTICE** that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

    The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

    Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated:  New York, New York
          September 16, 2013

**JAROSLAWICZ & JAROS, LLC**
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780
dj@lawjaros.com

By: _____
               David Jaroslawicz

Defendant(s) address(es):

PHL VARIABLE INSURANCE COMPANY
PHL VARIABLE LIFE INSURANCE COMPANY
c/o NYS Department of Financial Services
1 State Street
New York, New York 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

MOUNIA ZERRHOUNI,                                    Index No.

                              Plaintiff,             **VERIFIED COMPLAINT**

          -against-

PHL VARIABLE INSURANCE COMPANY and
PHL VARIABLE LIFE INSURANCE COMPANY,

                              Defendants.

-------------------------------------------------------------------x

      Plaintiff, by her attorneys, Jaroslawicz & Jaros, complaining of the defendants, upon information and belief, alleges as follows:

## THE PARTIES

    1.    At all times hereinafter mentioned, plaintiff was the wife of Ebrahim Alrwazek.

    2.    At all times hereinafter mentioned, defendant PHL Variable Insurance Company is a Connecticut Corporation, with its principal place of business in the State of Connecticut, duly licensed to sell life insurance in the State of New York.

    3.    At all times hereinafter mentioned, defendant PHL Variable Insurance Company is a wholly owned subsidiary, directly or indirectly, of Phoenix Life Insurance Company.

4.      At all times hereinafter mentioned, defendant PHL Variable Life Insurance Company is a Connecticut Corporation, with its principal place of business in the State of Connecticut.

5.      At all times hereinafter mentioned, defendant PHL Variable Life Insurance Company is a wholly owned subsidiary, directly or indirectly, of Phoenix Life Insurance Company.

6.      At all times hereinafter mentioned, defendants PHL Variable Insurance Company and PHL Variable Life Insurance Company (hereinafter referred to as "PHL") do business in the State of New

## THE UNDERLYING FACTS

7.      This plaintiff previously filed an action against Phoenix Life Insurance Company ("Phoenix") in Supreme Court, New York County, Index No. 652434/2013.

8.      Phoenix has moved to dismiss plaintiff's prior action on the grounds that Phoenix is not the proper party but rather PHL is.

9.      Defendants have a group of incestuous, interlocking companies with similar names so as to conceal the identity of a real party.

10.      Defendants PHL do business in the State of New York and operate out of an office entitled "Phoenix" in Albany. In fact, in this very case, Phoenix, or PHL as they now claim is the property party, used their Albany office to communicate with plaintiff (Exhibit A. There is thus jurisdiction over the defendants in New York.

2

11.     At all times hereinafter mentioned, the defendants issued a policy on the life of Ebrahim Alrwazek, policy number 40048215.

12.     At all times hereinafter mentioned, plaintiff was the beneficiary of the aforementioned policy.

13.     The defendant insurance company has admitted that the policy was valid through at least November 26, 2011.

14.     Ebrahim Alrwazek died in a terrorist attack in Iraq in October, 2011.

15.     Plaintiff provided the defendant with documentation from Iraq showing the decedent had died; these included:

(a)     death certificate bearing the stamp of the Republic of Iraq Ministry of Health, Health Department – Najaf;

(b)     a typewritten statement, primarily in Arabic, from Kazem Azeez Muhsin Aldalmey of the Al Karaya Police Department;

(c)     a Phoenix Death of the Insured Outside of the United States Questionnaire, signed by the plaintiff;

(d)     a death certificate bearing the stamp of the Republic of Iraq Ministry of Health, Justice Medical Department;

(e)     a typewritten statement, primarily in Arabic, from Police First Sergeant Fatah Al-Shammari of the Police Department of Baghdad, Al Karaya;

(f)     a typewritten statement, primarily in Arabic, from Dr. Abass Alyazedy of the Justice Medical Hospital, Baghdad.

16.     Plaintiff has also agreed to provide defendants with whatever other documentation is necessary for them to pay on the policy.

17.     Defendant has refused to make payment based on the fact that some unknown investigator could not verify the details of the decedent's death (Exhibit B).

18.     Plaintiff's counsel requested a complete copy of the policy, the application for the policy, and other materials, by letter dated June 28, 2013 (exhibit C).

19.     Defendants have provided no documents to plaintiff's counsel.

## AS AND FOR A FIRST CAUSE OF ACTION

20.     Defendants breached their contract of insurance in that the premiums on the policy had admittedly been paid through November 26, 2011 and the decedent was killed in Iraq in October 2011.

21.     Defendants have wrongfully refused to make payment of the policy proceeds.

22.     By reason of the foregoing, plaintiff demands judgment against the defendants for the full amount of the policy, together with interest, as well as punitive damages because the defendant has no legitimate basis not to pay the policy for which premiums were paid for many years.

## AS AND FOR A SECOND CAUSE OF ACTION

23.     Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

24.     Defendants sell insurance to persons migrating from foreign countries, including Iraq.

25.     Defendants never advise the insureds that if they are killed outside of the United States, or somehow die outside the United States, defendant will refuse to pay the policy by requesting documents that do not exist, or claiming that some self-serving person was unable to verify the death. This is similar to a Swiss bank asking for the death certificates for victims of the Holocaust.

26.     Defendants' conduct constitutes consumer fraud pursuant to § 349 of the General Business Law.

27.     By reason of the foregoing, plaintiff is entitled to recover all damages permitted by §349 *et seq.* of the General Business Law, including costs and attorneys' fees.

WHEREFORE, plaintiff demands judgment against the defendants for all damages, including punitive damages, all together with costs and attorneys' fees.

JAROSLAWICZ & JAROS, LLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
        David Jaroslawicz

5

DAVID JAROSLAWICZ, a member of the firm of JAROSLAWICZ & JAROS, LLC, attorneys for the plaintiff(s) in the within action, duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2016 of the CPLR:

That he has read the foregoing **Complaint** and knows the contents thereof; that the same is true to his own knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, he believes them to be true.

Affiant further states that the source of his information and the grounds of his belief are derived from the file maintained in the normal course of business of the attorneys for the plaintiff(s).

Affiant further states that the reason this affirmation is not made by the plaintiff(s) is that at the time this document was being prepared, the plaintiff(s) was (were) not within the County of New York, which is the County where the attorney for the plaintiff(s) herein maintains his office.

Dated:      New York, New York
            July 11, 2013


_____
DAVID JAROSLAWICZ

EXHIBIT A



PHOENIX

Neal R. Regels, FLMI, ACS, AIAA, AIRC, ARA, FLHC
Director
Claims, Title, Disbursements
PO Box 22012
Albany NY 12201-2012
518-479-8882
518-479-8412 fax
neal.regels@phoenixwm.com

April 27, 2012

Mounia Zerrhouny
Rue 10th North 16th
Oujah Arousse Meknes
60000 Morocco

Ebrahim Alrwazek
929 Greenway Ave N#209
Oakdale, MN 55128-6234

RE:  Policy No.: 40048215
     Insured: Ebrahim Alrwazek
     Claim No.: 111107ST1250

Dear Ms. Zerrhouny:

On November 7, 2011, we received notice of the death of Ebrahim Alrwazek from a caller who identified himself as Nohsin Noor, attorney for the insured.

A letter detailing the requirements to settle the claim and a claim form were mailed, as instructed, to Mounia Zerrhouny, spouse of the insured. We sent follow-up letters on December 16, 2011 and February 16, 2012.  On March 1, we received a phone call from Nohsin Noor, who informed us that he was in contact with the beneficiary and that the beneficiary was working on the paperwork. On March 1, we received an email from an individual who identified herself as Mounia Al Zerrhouny which appeared to state that Ms. Zerrhouny had not received any information from Phoenix.  In response, on March 12, we sent by email copies of the original documents mailed on November 9, 2011.  We also asked for a current address if the address on the original letter was not accurate.  Since that time we have not received any of the claim requirements, including proof of death, nor have we been contacted by either Nohsin Noor or Mounia Zerrhouny.

A prerequisite to the payment of a claim under the policy is appropriate documentary proof of the death of the insured. As of the date of this letter, neither proof of death nor any other documents required to settle the claim have been provided.  In addition, our own initial investigation has been unable to confirm that the insured is deceased.

Based upon the lack of due proof of death, we cannot pay a death benefit under the policy at this time. The annual premium of $735.00 was due on November 26, 2011.  As this premium was not paid and the contractual grace period for payment has expired, the policy has lapsed as of November 26, 2011, under its terms.  If Mr. Alwazek passed away prior to this date and claim requirements are satisfied, death benefits would be payable under the policy.

This decision has been made based on the information we have currently available.  In addition to all other rights it may have, Phoenix reserves its right to take such additional action as it deems necessary if additional facts are made known to us.

Sincerely,

Neal R. Regels

Cc:  Moushira M Suby
     1570 Century PT
     Eagan MN 55121-1926

EXHIBIT B



PHOENIX

January 30, 2013

Mounia Zerrhouny                          Mohsen Noor
Rue 10 N 16                               Rue Taroudante IMMB: 8 APPR 9
Oujah Arousse                             Villre Nouvelle
50000 Meknes Morocco                      50000 Meknes Morocco

RE:  Policy Number 40048315
     Insured: Ebrahim Alrwazek
     Claim Number 111107ST1250

Dear Ms. Zerrhouny and Mr. Noor,

On June 25, 2012 and on August 1, 2012, we received documents under the above-referenced
policy. We were advised that Ebrahim Alrwazek died as the result of a car bombing ("terroristic
attack") in Baghdad, Iraq. We were provided with the following documentation regarding the
reported death of Ebrahim Alrwazek:

- A death certificate bearing the stamp of the Republic of Iraq Ministry of Health, Health
  Department – Najaf;
- A typewritten statement, primarily in Arabic, from Kazem Azeez Muhsin Aldalemey of
  the Al Karada Police Department;
- A Phoenix Death of the Insured Outside of the United States Questionnaire, signed by
  Mounia Zerrhouny;
- A death certificate bearing the stamp of the Republic of Iraq Ministry of Health, Justice
  Medical Department;
- A typewritten statement, primarily in Arabic, from Sergeant Sayif Al Kargouly of the
  Republic of Iraq Ministry of Justice;
- A typewritten statement, primarily in Arabic, from Police First Sergeant Falah Al-
  Shammari of the Police Department of Baghdad, Al Karada;
- A typewritten statement, primarily in Arabic, from Dr. Abass Alyazedy of the Justice
  Medical Hospital, Baghdad.

A prerequisite to the payment of a claim under the policy is appropriate documentary proof of the
death of the insured. After conducting an investigation to confirm the authenticity and accuracy
of the documentation provided, we have determined that we do not have proof that Ebrahim
Alrwazek is deceased.

Specifically, we have determined the following:

- Among the documents described above, Ebrahim Alrwazek's date of death is stated in various places as November 7, 2011 (the Ministry of Health, Health Department – Najaf death certificate and the typewritten statement from Kazem Azeez Muhsin Aldalemey); October 7, 2011 (the Ministry of Health, Justice Medical Department death certificate); and October 12, 2011 (the Phoenix Death of the Insured Outside of the United States Questionnaire, signed by Mounia Zerrhouny).
- The typewritten statements by Sayif Al Kargouly, Falah Al-Shammari, and Abass Alyazedy all express the date of Mr. Alrwazek's death as "10.12.2011". These appear as the only characters on the documents written in Roman rather than Arabic characters. As it is our understanding that in Iraq the accepted format for recording dates is day/month/year, the dates written on these statements appear to describe the date of Mr. Alrwazek's death as December 10, 2011.
- During our telephone conversation with you on November 14, 2012, you stated that the correct date of Mr. Alrwazek's death was October 12, 2011. In an e-mail dated November 18, 2012, Mohsen Neer Ali also stated that the correct date of death was October 12, 2011. Our investigator in Baghdad, Iraq reported to us that the bombing that occurred in the Karada neighborhood on October 12, 2011 was the bombing of the Karada police station, in which 13 people were killed and 25 people were wounded. Our investigator contacted the Al Karada police station. The police confirmed that they had investigated the bombing of October 12, 2011, but they did not find the name of Ebrahim Alrwazek listed as either deceased or injured in that bombing.
- Our investigator was told by the Al Karada police said that any document that they would have issued would have been written entirely in Arabic, unlike the document listing a date in Roman characters as was submitted to us.
- Our investigator confirmed that the stamp appearing on the Falah Al-Shammari statement was not the stamp used by the Al Karada Police Department.
- Our investigator asked about officer Falah Al-Shammari, who was represented as a First Sergeant of the Al Karada Police Department in the above-cited statement submitted by you. The Al Karada police told our investigator that no officer by that named worked at the Al Karada police station.
- Our investigator attempted to contact Falah Al-Shammari at the telephone number listed on the above-cited statement. Our investigator learned that the number provided does not belong to Falah Al-Shammari.

Based upon the lack of due proof of death, we cannot pay a death benefit under the policy at this time. This decision has been made based on the information we have available to us at this time. If you would like to provide any additional information or documentation for our consideration, please forward it to the undersigned.

Sincerely,

Neal R. Regels, ACS, AIAA, AIRC, ALIIC, FLHC, FLMI
Director of Claims and Policy Title
Life and Annuity Operations

EXHIBIT C

LAW OFFICE OF

# JAROSLAWICZ & JAROS, LLC

225 BROADWAY, 24TH FLOOR
NEW YORK, NEW YORK 10007

(212) 227-2780

David Jaroslawicz
(NY, FL & CA Bars)
Abraham Jaros

June 28, 2013

*__Via Fax, E-mail & Regular Mail__*

Mr. Neal R. Regels, Director
Phoenix
P.O. Box 22012
Albany, New York 12201-2012

|   | Re: | Policy No.: | 40048215 |
|---|-----|-------------|----------|
|   |     | Insured: | Ebrahim Alrwazek |
|   |     | Claim No.: | 111107ST1250 |

Dear Mr. Regels:

We have been consulted by Mourina Zeffhouny regarding Ebrahim Alrwazek. We don't understand why you refuse to pay the policy.

Please send the complete copy of the policy including the application for the policy and the history of premium payments.

I am sending this by fax, email and mail so there is no question that you have received it.

Very truly yours,

David Jaroslawicz

DJ/kd

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MOUNIA ZERRHOUNI,

                Plaintiff,

   -against-

PHL VARIABLE INSURANCE COMPANY and
PHL VARIABLE LIFE INSURANCE COMPANY,

                Defendant.

---

### Summons & Verified Complaint

---

LAW OFFICES OF
JAROSLAWICZ & JAROS LLC
225 BROADWAY, 24TH FLOOR
NEW YORK, NEW YORK 10007
(212) 227-2780

Exhibit 2

FILED: NEW YORK COUNTY CLERK 10/08/2013

INDEX NO. 653204/2013

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 10/08/2013

Index No. 653204/2013

SUPRENE COURT OF STATE OF NEW YORK COUNTY OF NEW YORK

Mounia Zerrhouni,                                                                                Plaintiff,

-vs.-

PHL Variable Insurance Company, et al.,                                          Defendants.

State of New York County of Albany

Jeffrey Teitel being duly sworn deposes and says that deponent is over the age of eighteen years and is not a party in this proceeding.  Deponent served a true copy of Summons, Verified Complaint and Notice of Commencement of Action Subject to Mandatory Electronic Filing, such service having been made in the following manner, stated herein, and said person being the proper and authorized person to be served in this proceeding,

DAN GARCIA_____Agent for Service –PHL Variable Insurance Company
31 Tech Valley Drive – East Greenbush, NY 12061
10:20  AM, September 18, 2013

Deponent further states upon information and belief that said person so served in not in the Military service of the state of the State of New York or of the United States as the term is defined in either of the State or Federal Statutes.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age | Height | Weight |
|---|---|---|---|---|---|
| _x_ Male | _x_ White | __ Light | __ 20-30 | __ 5'-5'5'' | __ 100-150 |
| __ Female | __ Black | _x_ Medium | _x_ 31-40 | _x_ 5'6''-6' | _x_ 151-200 |
| | __ Other | __ Dark | __ 41-50 | __ 6'1''-6'5'' | __ 200-250 |
| | | | __ 51-60 | __ 6'6''+ | __ 250+ |

Sworn to me this 18th day of
September, 2013

_Hilary Teitel_
Hilary Teitel
Notary Public, State of New York
Qualified in Albany County
No. 01TE5049179
Commission Expires September 11, 2017

_____
Jeffrey Teitel

FILED: NEW YORK COUNTY CLERK 10/08/2013

NYSCEF DOC. NO. 3

INDEX NO. 653204/2013

RECEIVED NYSCEF: 10/08/2013

Index No. 653204/2013

SUPRENE COURT OF STATE OF NEW YORK COUNTY OF NEW YORK

| | |
|---|---|
| Mounia Zerrhouni, | Plaintiff, |
| -vs.- | |
| PHL Variable Insurance Company, et al., | Defendants. |

State of New York County of Albany

Jeffrey Teitel being duly sworn deposes and says that deponent is over the age of eighteen years and is not a party in this proceeding.  Deponent served a true copy of Summons, Verified Complaint and Notice of Commencement of Action Subject to Mandatory Electronic Filing, such service having been made in the following manner, stated herein, and said person being the proper and authorized person to be served in this proceeding,

DAN GARCIA          Agent for Service –PHL Variable Life Insurance Company
31 Tech Valley Drive – East Greenbush, NY 12061
10:20 AM, September 18, 2013

Deponent further states upon information and belief that said person so served in not in the Military service of the state of the State of New York or of the United States as the term is defined in either of the State or Federal Statutes.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age | Height | Weight |
|---|---|---|---|---|---|
| ✓ Male | ✓ White | ___ Light | ___ 20-30 | ___ 5'-5'5'' | ___ 100-150 |
| ___ Female | ___ Black | ✓ Medium | ✓ 31-40 | ✓ 5'6''-6' | ✓ 151-200 |
| | ___ Other | ___ Dark | ___ 41-50 | ___ 6'1''-6'5'' | ___ 200-250 |
| | | | ___ 51-60 | ___ 6'6''+ | ___ 250+ |

Sworn to me this 18th day of
September, 2013

Hilary Teitel

Hilary Teitel
Notary Public, State of New York
Qualified in Albany County
No. 01TE5049179
Commission Expires September 11, 2017

Jeffrey Teitel